4. The cause of action against Fiapia is dismissed with prejudice

It is so ordered.

**T`EO LAUTI TAVAI, Plaintiff**

**v.**

**LOPATI FAU and TE`O MALOUAMAUA, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 21-01

March 26, 2003

Before KRUSE, Chief Justice, SAGAPOLUTELE, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono
For Defendant Lopati Fau, Fai'ivae A. Galea'i, L.P.

## OPINION AND ORDER

Plaintiff Te'o Lauti Tavai offered to register with the Territorial Registrar title to certain land "Pago," located in the village of Vailoatai, as his own individually-owned land. Te'o's claim was publicly posted between November 30, 2000, through January 29, 2001,[1] and it had in turn attracted the objections of Lopati Fau, now holder of the *Fau* title of Vailoatai, and Te'o Malouamaua. The objectors both claimed that the land "Pago" was communal land of the Te'o family. Lopati Fau, a member of the Te'o family, so testified. We agree with the objectors and accordingly deny Te'o's claim for the reasons that follow.

We take judicial notice of this Court's decision in *Te'o v. Fau*, LT No. 40-86 (Land & Titles Div. 1987), entered September 8, 1987. The Court there awarded plaintiff, "Te'o Lauti Tavai, for himself and on behalf of the Te'o family of Vailoatai," certain land located in the village of Vailoatai, known as "Pago." *See id.* At the time of the case, the land Pago was the subject of a lease with the federal government, with Fau Pulemau (objector Fau Lopati's predecessor in-title) as lessor.

The 1987 judgment held, among other things, that:

> 1. [T]he land known as Pago in the village of Vailoatai, American Samoa is the *communal* land of the Te'o family under the control of the senior matai or sa'o of the family, Teo.
> 2. [] Fau is a talking chief (tulafale) title of the Te'o titleholder in Vailoatai.

*Id.* (emphasis added); (*see also* Stipulation to Entry of Judgment & Judgment 1-2). This is a final judgment, conclusive against the parties and Te'o's present attempt to undo this final judgment by attempting to invoke the land title registration process, as set out in A.S.C.A. §§ 37.0101 *et seq.* (the "Registration Act"), is a futile and hopelessly ineffectual exercise.

---

[1] Incidentally, the survey offered by Te'o for registration was, on its face, procured in 1979, some 21 years before the offer to register title. However, from the Territorial Registrar's file submitted to the Clerk's office, it was not at all clear that the requisite statutory certifications by the surveyor and pulenu'u, pursuant to A.S.C.A. § 37.0102, were ever given.

■ Te`o's goal here, quite obviously, is to skirt the statutory restrictions against the alienation of communal lands as contained in A.S.C.A. §§ 37.0201 *et seq.* (the "Alienation of Communal Land Act"). The process set out in the Alienation of Communal Land Act, regulating the alienation of communal land, requires not only the involvement of the Land Commission, to check against improvident transactions, but gubernatorial approval as well. *See generally Pen v. Lavata`i,* 30 A.S.R.2d 10, 13-14 (App. Div. 1996). But the Registration Act cannot trump the Alienation of Communal Land Act and it certainly does not provide a vehicle for evading the latter. Otherwise, the constitutionally mandated policy of protective legislation requiring the courts to interpret statutes in a way which is protective of the Samoan custom would be rendered quite meaningless. *See* AM. SAMOA REV. CONST. art. I, § 3.[2]

In view of the foregoing, Te`o's application to register title in individual ownership to land "Pago" in the village of Vailoatai is denied. The Territorial Registrar shall, accordingly, reject such application.

It is so ordered.

■

---

[2] Section 3. Policy of protective legislation.

It shall be the policy of the Government of American Samoa to protect persons of Samoan ancestry against alienation of their lands and the destruction of the Samoan way of life and language, contrary to their best interests. Such legislation as may be necessary may be enacted to protect the lands, customs, culture, and traditional Samoan family organization of persons of Samoan ancestry, and to encourage business enterprises by such persons. No change in the law respecting the alienation or transfer of land or any interest therein shall be effective unless the same be approved by two successive legislatures by a two-thirds vote of the entire membership of each house and by the Governor.